1

2

3

4   TERESA A. SHERMAN
    Attorney for Plaintiff
5   Paukert & Troppmann, PLLC
    522 W. Riverside Avenue, Suite 560
6   Spokane, WA 99201
    509-324-3331
7   Fax: 509-232-7762

8                UNITED STATES DISTRICT COURT,

9            EASTERN DISTRICT OF WASHINGTON

10

11  EMPIRE HEALTH FOUNDATION          )
      for DEACONESS MEDICAL CENTER and )  No.
12    VALLEY HOSPTIAL AND MEDICAL CENTER )
      Medicare Cost Report 09/30/2008  )  COMPLAINT FOR JUDICIAL
13                    Plaintiff,        )  REVIEW OF FINAL ADVERSE
                                        )  AGENCY DECISION ON
14        vs.                           )  MEDICARE REIMBURSEMENT
                                        )
15                                      )
16  XAVIER BECERRA, In his Capacity as  )
    Secretary of the United States Department of Health )
17  and Human Services                  )
                                        )
18                    Defendant         )
19  _____ )

20        The above-named Plaintiff, by and through their undersigned counsel, states the following

21  in the form of this Complaint against XAVIER BECERRA, in his capacity as Secretary of the

22  United States Department of Health and Human Services (the "Secretary"):

23

24

25

26

27

28

29  Complaint:  Page 1

Paukert & Troppmann, PLLC
522 W. Riverside Avenue
Suite 560
Spokane, WA 99201
(509) 324-3331
Facsimile (509) 232-7762

## I.  <u>INTRODUCTION</u>

1.      Plaintiff (also referred to hereinafter as the "Hospitals" or "Hospital") is the successor in interest, at all relevant times, for Deaconess Medical Center and Valley Hospital and Medical Center, not-for-profit hospitals that participated in the Medicare and Medicaid programs. The Hospitals challenge two related final Administrative Decisions of the Provider Reimbursement Review Board ("PRRB" or "Board") acting as a component of the United States Department of Health and Human Services ("HHS").  The PRRB dismissed Case No. 15-3123GC as a prohibited duplication of Case No. 15-3126GC in a Decision dated April 21, 2022.  In a related Decision also dated April 21, 2022, the PRRB dismissed three separate Disproportionate Share Hospital issues from the Deaconess Medical Center appeal in Case No. 13-0041 preventing the transfer of these issues to existing Common Issue Related Party ("CIRP") group appeals.  As set forth more fully below, Plaintiff objects to the PRRB's dismissal of its appeals as arbitrary, capricious and a violation Plaintiff's rightful claim for Medicare reimbursement.

## II.  <u>JURISDICTION AND VENUE</u>

2.      This action arises under Title XVIII of the Social Security Act, as amended ("Medicare Act") (42 U.S.C. §§ 1395 et. seq.), and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.

3.      This Court has jurisdiction under 42 U.S.C. § 1395oo(f)(1), to review a final decision of the PRRB.  The final decisions of the PRRB were issued April 21, 2022 under PRRB Case Nos. 15-3123GC and 13-0041, copies of which are attached hereto as Exhibit "A" and

Complaint:  Page 2

**Paukert & Troppmann, PLLC**
522 W. Riverside Avenue
Suite 560
Spokane, WA 99201
(509) 324-3331
Facsimile (509) 232-7762

Exhibit "B" respectively.  This action is timely commenced within 60 days of the date of receipt of the Board's final decisions pursuant to 42 U.S.C. § 1395oo(f)(1) and 42 C.F.R. § 405.1801.

4.      Pursuant to 42 U.S.C. § 1395oo(f)(1), venue is proper in the judicial district in which the providers are located.  The providers in this case are located in the judicial district for Eastern Washington.

5.      Plaintiff has exhausted all administrative remedies under federal law with respect to the PRRB's dismissal of Case No. 15-3123GC and the dismissal of certain issues from Case No. 13-0041.

### III.  PARTIES

6.      Plaintiff, Empire Health Foundation, acquired the assets consisting of any outstanding Medicare reimbursement owed to Deaconess Medical Center and Valley Hospital and Medical Center for the Medicare cost year at issue.  Deaconess Medical Center operated a short-term acute care hospital assigned Medicare Provider No. 50-0044, with this action covering its Medicare fiscal year ending September 30, 2008.  Valley Hospital and Medical Center operated a short-term acute care hospital assigned Medicare Provider No. 50-0119, with this action covering its Medicare fiscal year ending September 30, 2008.  At all relevant times, the Hospitals had a Medicare provider agreement with the Secretary and were eligible to participate in the Medicare Program.

7.      Defendant, Xavier Becerra, is the Secretary of the United States Department of Health and Human Services ("Secretary"), 200 Independence Avenue, S.W., Washington D.C.

Paukert & Troppmann, PLLC
522 W. Riverside Avenue
Suite 560
Spokane, WA 99201
(509) 324-3331
Facsimile (509) 232-7762

20201, the federal agency responsible for the administration of the Medicare and Medicaid Programs.  Defendant Becerra is sued in his official capacity.

## IV. **MEDICARE STATUTORY AND REGULATORY BACKGROUND**

8.       Congress enacted the Medicare Program (Title XVIII of the Social Security Act) in 1965.  As originally enacted, Medicare was a public health insurance program that furnished health benefits to the aged, blind and disabled.  Over the years, the scope of benefits and covered individuals has been expanded.

9.       Among the benefits covered by Medicare are inpatient hospital services.  Medicare reimburses the operating costs of inpatient providers primarily through the Prospective Payment System ("PPS").  42 U.S.C. § 1395ww(d).  Under PPS, hospitals are paid a fixed amount for services rendered based upon diagnosis-related groups ("DRGs"), subject to certain payment adjustments, such as the Disproportionate Share Hospital ("DSH") payment at issue here.  The DSH adjustment requires the Secretary to provide increased reimbursement to providers that serve a "significantly disproportionate share of low-income patients."  42 U.S.C. § 1395ww(d)(5)(F)(i)(I).

10.      Whether a provider qualifies for the DSH adjustment, and how large an adjustment it receives, depends on the provider's "disproportionate patient percentage (DPP)." 42 U.S.C. § 1395ww(d)(5)(F)(v).  The DPP is the sum of two fractions, the "Medicare and Medicaid fractions," for a provider's fiscal period. 42 U.S.C. § 1395ww(d)(5)(F)(vi).  Providers whose DPP meet

**Paukert & Troppmann, PLLC**
522 W. Riverside Avenue
Suite 560
Spokane, WA 99201
(509) 324-3331
Facsimile (509) 232-7762

certain thresholds receive an adjustment which results in increased PPS payments for inpatient provider services.  42 U.S.C. § 1395ww(d)(5)(F)(ii).

11.    The Medicare fraction's numerator is the number of patient days for such period who (for such days) were entitled to both Medicare Part A and Supplemental Security Income (SSI) benefits, and the denominator is the number of patient days for patients entitled to Medicare Part A. *Id*.

12.    The Medicaid fraction's numerator is the number of patient days for patients who (for such days) were eligible for medical assistance under a State Plan approved under Title XIX for such period but not entitled to benefits under Medicare Part A, and the denominator is the total number of patient days for such period. *Id*.

13.    The Secretary has delegated much of the responsibility for administering the Medicare Program to the Centers for Medicare and Medicaid Services ("CMS").  The Secretary, through CMS, contracted out many of the audit and payment functions for inpatient hospital care furnished to Medicare program beneficiaries to organizations known as fiscal intermediaries or Medicare administrative contractors ("Medicare contractor").  42 U.S.C. § 1395h.

14.    At the close of the fiscal year, a hospital provider of services must submit to its Medicare contractor a cost report showing the allowable costs incurred and amounts due from Medicare for the fiscal year and the payments received from Medicare.  The Medicare contractor is required to audit the cost report and inform the hospital provider of a final determination of the amount of Medicare reimbursement through a Notice of Program Reimbursement ("NPR").  42 C.F.R. § 405.1803.

**Paukert & Troppmann, PLLC**
522 W. Riverside Avenue
Suite 560
Spokane, WA 99201
(509) 324-3331
Facsimile (509) 232-7762

15.    A hospital provider dissatisfied with its Medicare contractor's determination, may file an appeal with an administrative body called the Provider Reimbursement Review Board ("PRRB") as long as the amount in controversy is $10,000 or more and the request for hearing is within 180 days of the date the hospital provider receives the NPR.  42 U.S.C. § 1395oo(a).  The PRRB was established by the Social Security Amendments of 1972 (Pub. L. 92-603) as a national, independent forum for hearing and deciding payment disputes between hospital providers and their Medicare contractors.

16.    Upon filing a timely hearing request, a hospital provider may add specific Medicare payment issues to the original hearing request by submitting a written request to the PRRB within no later than 60 days after the expiration of the applicable 180-day period to file the initial hearing request.  42 C.F.R. § 405.1835(e).

17.    Pursuant to PRRB Rule 16 a hospital provider may transfer a specific issue from an individual appeal to an existing group appeal when there is a single common issue to be resolved.  The PRRB Rules set out the documentation requirements for such a transfer.

18.    The decision of the PRRB is a final administrative decision, unless the Secretary, through the Administrator of CMS, reviews the PRRB's decision; the Administrator may reverse, affirm, or modify the PRRB's decision.  42 U.S.C. § 1395oo(f).

19.    A hospital provider has the right to obtain judicial review of any final decision of the PRRB, or of any reversal, affirmance, or modification by the Secretary, by filing a civil action within 60 days of the date on which notice of any final decision by the PRRB, or of any reversal, affirmance, or modification by the Secretary, is received. 42 U.S.C. § 1395oo(f).

**Paukert & Troppmann, PLLC**
522 W. Riverside Avenue
Suite 560
Spokane, WA 99201
(509) 324-3331
Facsimile (509) 232-7762

## V. <u>THE HOSPITALS' ADMINISTRATIVE APPEALS</u>

20.     Deaconess Medical Center timely appealed the NPR issued for the fiscal year ending September 30, 2008, challenging the determination of reimbursement for allowable crossover bad debts.  The PRRB assigned Case No. 13-0041 for the hearing request.  The Hospital then added additional appeal issues within the time permitted for doing so.  The additional issues included three separate DSH issues: (1) DSH/SSI Percentage Systemic Errors; (2) DSH/SSI Dual Eligible Days (Exhausted Benefit and Secondary Payor Days); and (3) DSH/SSI Managed Care Days.

21.     Deaconess Medical Center then filed requests to transfer the added DSH issues to Empire Health CIRP group appeals, with Valley Hospital and Medical Center, pursuant to CIRP group regulations at 42 C.F.R. §§ 405.1837(b) and (e)(1).  The Case Numbers assigned for these CIRP groups are: (1) DSH/SSI Percentage Systemic Errors – Case No. 15-3126GC; (2) DSH/SSI Dual Eligible Days – Case No. 15-3123GC; and (3) DSH/SSI Managed Care Days – Case No. 15-3484GC.

22.     On February 23, 2016, the PRRB dismissed Case No. 13-0041, in its entirety, for jurisdictional reasons related to the initial appeal issue for crossover bad debt.  The PRRB also concluded that since it did not have jurisdiction over the crossover bad debt, there was no valid appeal to which additional issues could be added.  Therefore, the additional issues, including the three DSH related issues, were dismissed and the requests to transfer the issues to the various CIRP groups were denied.

**Paukert & Troppmann, PLLC**
522 W. Riverside Avenue
Suite 560
Spokane, WA 99201
(509) 324-3331
Facsimile (509) 232-7762

23.    Deaconess Medical Center filed a Complaint in this Court on April 27, 2016, under Case No. 2:16-cv-00135 appealing the PRRB's determination that it did not have jurisdiction over the crossover bad debt issue.  This District Court case was dismissed March 1, 2018, pursuant to a Stipulated Dismissal when the parties entered into a Settlement Agreement on the same date.

24.    The Settlement Agreement provides that the Secretary stipulates that the Board's final jurisdictional dismissal decision dated February 23, 2016, shall be and is vacated completely, having no remaining force or effect.  Legal Counsel for the Secretary was required to send the final executed Settlement Agreement to the Board, CMS's Office of the Attorney Advisor, Plaintiff's counsel, and the MAC.  The terms of the Settlement Agreement also specifically provide that upon receipt of the Agreement, the PRRB must:

(a)    take jurisdiction over Plaintiff's appeal of the MAC's June 29, 2012, determination with regard to Medicare crossover bad debts and the Supplemental Security Income Percentage issue added to the underlying administrative appeal; and

(b)    proceed to handling the matter in the ordinary course of business.

25.    On May 31, 2019, the CMS Deputy Administrator executed an Order directing the Board to take action consistent with the Settlement Agreement.  Therefore, as set forth in the PRRB Decision dated April 21, 2022, the PRRB reinstated Case No. 13-0041 and is proceeding with hearing the crossover bad debt issue, setting deadlines for the parties to file their final position papers.

**Paukert & Troppmann, PLLC**
522 W. Riverside Avenue
Suite 560
Spokane, WA 99201
(509) 324-3331
Facsimile (509) 232-7762

26.     Although the PRRB reinstated and accepted jurisdiction of Case No. 13-0041, including the issues that were timely added by the Hospital, the PRRB Decision dated April 21, 2022, dismissed the three DSH issues for reasons related to the timing of the PRRB's notice of the Settlement Agreement.  The CIRP groups that the DSH issues were to be transferred to continued to proceed forward in the time after the Settlement Agreement was signed and the date the PRRB received the Order to comply with the Settlement Agreement.

27.     The PRRB granted Expedited Judicial Review for the DSH/SSI Percentage Systemic Errors issue (PRRB Case No. 15-3126GC) for Valley Hospital and Medical Center.  The PRRB Decision specifically excluded Deaconess medical Center based upon the PRRB's earlier jurisdictional Decision in Case No. 13-0041 (which was vacated by the Settlement Agreement). The case proceeded through this Court under Case No. 2:16-cv-00209, through the Ninth Circuit Court of Appeals, and is currently pending a decision from the United States Supreme Court in *Becerra v. Empire Health Foundation,* No. 20-1312 (S. Ct. Cert. granted July 2, 2021).

28.     The PRRB issued its Decision on request for Expedited Judicial Review for the DSH Managed Care/Part C Issue for the Empire Health CIRP group (PRRB Case No. 15-3484GC) on April 12, 2019.  The PRRB Decision specifically excluded Deaconess Medical Center based upon the PRRB's earlier jurisdictional Decision in Case No 13-0041 (which was vacated by the Settlement Agreement).  This matter is currently stayed pursuant to CMS Ruling 1739-R pending application of a revised Part C regulation, pursuant to the U.S. Supreme Court's ruling in *Azar v. Allina Health Servs.,* 139 S. Ct. 1804 (2019).

Complaint:  Page 9

**Paukert & Troppmann, PLLC**
522 W. Riverside Avenue
Suite 560
Spokane, WA 99201
(509) 324-3331
Facsimile (509) 232-7762

29.     In dismissing the three DSH issues from Plaintiff's reinstated Case No. 13-0041 the PRRB states that these issues are subject to the mandatory CIRP rules, requiring Deaconess Medical Center to pursue the appeals as part of Plaintiff's CIRP groups established under Case Nos. 15-3484GC (DSH/SSI Managed Care/Part C Days issue), 15-3126GC (DSH/SSI Systemic Errors issue), and 15-3123GC (DSH/SSI Dual Eligible Days issue).  The Board notes that the Plaintiff indeed requested the transfer of these issues from Case No. 13-0041, but such transfers were denied because of the PRRB's initial rejection of the jurisdiction of the crossover bad debt appeal.  The PRRB also claims the Plaintiff failed to follow Board Rules when Plaintiff included Deaconess Medical Center in the list of providers in each of the three CIRP groups without sufficient jurisdictional documentation concerning the Settlement Agreement.  Now that the PRRB finally received the CMS Deputy Administrator's Order to comply with the Settlement Agreement, the PRRB claims it is too late to reopen or otherwise revise the EJR decisions of the Board to add Deaconess Medical Center DSH to the CIRP group DSH appeals

30.     The PRRB dismissed the appeal of Case No 15-3123GC (DSH/SSI Dual Eligible Days issue) by a separate Decision dated April 21, 2022, as a prohibited duplication of Case No. 15-3126GC.  This Decision constitutes a denial of the Plaintiff's request for Expedited Judicial Review ("EJR") filed with the Board on March 13, 2020.  Per the PRRB's decision the issue statement for Case No. 15-3126GC, for which the PRRB granted EJR, is:

Whether the Secretary properly calculated the Providers' [DSH]/Supplemental Security Income percentage.

Paukert & Troppmann, PLLC
522 W. Riverside Avenue
Suite 560
Spokane, WA 99201
(509) 324-3331
Facsimile (509) 232-7762

The issue statement in connection with the EJR request for Case No. 15-3123GC, as set forth in the PRRB Decision dated April 21, 2022, for this case is:

> Whether inpatient hospital days attributable to individuals who are eligible for both Medicare and Medicaid (hereinafter "dual eligible"), and for whom Medicare has not made payment for that inpatient stay … should be included in the Medicare fraction of the Medicare [DSH] adjustment as alleged by the MAC [Medicare Administrative Contractor], or should be excluded from the Medicare fraction of the DSH adjustment, and instead be included in the Medicaid fraction, as alleged by the [P]roviders.

The PRRB found Plaintiff's Case Nos. 15-3123Gc and 15-3126GC were challenging the same regulatory change made in 2004 as part of the FY 2005 IPPS Final Rule and asking for the same relief, contrary to Board Rules that preclude appeal of the same issue for the same year in multiple cases.  Plaintiff disputes that the issues and requested relief are the same for the reasons set forth below.

## VI. ARGUMENT

31.    The Plaintiff incorporates the allegations in Paragraph 1 through 30 as if fully set forth herein.

32.    The Medicare Statute, 42 U.S.C. §1395oo(f), provides that the final decision of the agency in this case shall be reviewed under the provisions of the Administrative Procedure Act ("APA").

**Paukert & Troppmann, PLLC**
522 W. Riverside Avenue
Suite 560
Spokane, WA 99201
(509) 324-3331
Facsimile (509) 232-7762

33.     The APA provides that the reviewing court shall set aside the agency's final decision in this case if it is contrary to law, arbitrary and capricious, or not based upon substantial evidence in the record.  5 U.S.C. §706.

34.     The PRRB's decisions in this case must be set aside and reversed and the matter remanded to the agency for further review for the following reasons.

35.     The Settlement Agreement, and subsequent Order of the CMS Deputy Administrator, <u>required</u> the PRRB to take jurisdiction over Plaintiff's appeal in Case No. 13-0041, including the crossover bad debt issue (which it has done) and the Supplemental Security Income Percentage issue added to the underlying administrative appeal (which it dismissed).

36.     The Settlement Agreement also required the Secretary's counsel to send a copy of the executed Settlement Agreement to the PRRB, as well as CMS's Office of the Attorney Advisor, Plaintiff's counsel and the MAC.  Plaintiff is not at fault for the failure to include the signed Settlement Agreement and explanation of proceedings in federal district court to the PRRB in connection with including Deaconess Medical Center in the list of providers and jurisdictional documentation for each of the three DSH CIRP cases.  It was the Secretary's counsel who was required to notify the PRRB of the Settlement Agreement terms.

37.     The lapse of the 3-year period to reopen and/or otherwise revise the EJR determinations in Case Nos. 15-3484GC and 15-3126GC, under Board Rule 47.1, to add Deaconess Medical Center is immaterial and inapplicable in this case.  The Plaintiff properly appealed the dismissal of Case No. 13-0041 and could not take further action until the case was decided by the Court or a settlement was reached, as it ultimately was with the Settlement

**Paukert & Troppmann, PLLC**
522 W. Riverside Avenue
Suite 560
Spokane, WA 99201
(509) 324-3331
Facsimile (509) 232-7762

Agreement.  There is no prejudice or undue burden for the PRRB to simply add Deaconess Medical Center to the three CIRP groups, as originally requested, to be included in whatever relief is ultimately provided for Valley Hospital and Medical Center.  Despite the same lapse of time, the PRRB accepted jurisdiction of the crossover bad debt issue and is proceeding in the ordinary course of business to schedule the filing of position papers for the PRRB to review and consider in connection with making a decision on the merits of the issue.  There is no reason the PRRB cannot add Deaconess Medical Center to the existing DSH CIRP groups and allow the cases to proceed in the ordinary course of business on the merits of the appealed issues.

38.     The PRRB erred in determining that the issues in Case Nos. 15-3123GC and 15-3126GC are the same issue and requesting the same relief.  Board Rule 4.6.1 precludes appeal of the same issue for the same year in multiple cases.  This Rule must be balanced and reconciled with the provisions of 42 C.F.R. § 405.1837(f)(2) that restrict the Board from considering, in one group appeal, more than one question of fact, interpretation of law, regulations, or CMS Rulings that is common to each provider in the appeal.  It is common practice at the PRRB for DSH issues to be broken down into a number of separate sub-issues to comply with this regulation.

39.     The DSH issues in both Case No. 15-3123GC and 15-3126GC challenge the Secretary's interpretation of the word "entitled" in the DSH statute and the removal of the word "covered" in the determination of patient days in CMS' regulation at 42 C.R.R. § 412.106(b)(2).  They are not, however, a duplication of the same issue, for the same year, requesting the same relief.  Case No. 15-3126GC more specifically addresses the Medicare/SSI fraction of the DSH

**Paukert & Troppmann, PLLC**
522 W. Riverside Avenue
Suite 560
Spokane, WA 99201
(509) 324-3331
Facsimile (509) 232-7762

formula, while Case No. 15-3123GC addresses the Medicaid fraction of the DSH formula. Therefore, they are separate issues requesting separate relief.

### VII. <u>COUNT 1 – REMAND OF DSH ISSUES</u>

40.     The allegations in Paragraphs 1-39 are incorporated as if fully set forth herein.

41.     The Board's decision to dismiss Plaintiff's three DSH issues from Case No. 13-0041 and deny the transfer of the issues to existing CIRP groups, under the instant circumstances, was arbitrary and capricious, contrary to law, and prejudices Plaintiff's right to seek Medicare reimbursement.

42.     In lieu of dismissing the three DSH issues for Deaconess Medical Center related to the 2008 fiscal year end, the Board, upon accepting the reinstatement of Case No. 13-0041, should have transferred the DSH issues to the existing CIRP groups for proceedings on the merits of the issues.

43.     Based upon the foregoing, this Court should order the Secretary to remand Plaintiff's appeal of the DSH issues to the PRRB and order the transfer of such appeals to the applicable CIRP groups.

### VIII. <u>COUNT 2 – REINSTATEMENT OF CASE NO. 15-3123GC</u>

44.     The allegations in Paragraphs 1-43 are incorporated as if fully set forth herein.

45.     The Board's decision to dismiss Case No. 15-3123GC as a prohibited duplication of the issue in Case No. 15-3126GC, under the instant circumstances, was arbitrary and capricious, contrary to law, and prejudices Plaintiff's right to seek Medicare reimbursement.

**Paukert & Troppmann, PLLC**
522 W. Riverside Avenue
Suite 560
Spokane, WA 99201
(509) 324-3331
Facsimile (509) 232-7762

46.     In lieu of dismissing Case No. 15-3123GC, the Board should have determined that it has jurisdiction and then decide whether or not it has the authority to decide the legal question or whether EJR is appropriate to resolve the issue.

47.     Based upon the foregoing, this Court should order the Secretary to reinstate Case No. 15-3123GC and proceed with determining whether the Board has authority to decide the legal issue presented in the appeal or whether EJR is appropriate to resolve the issue.

## IX. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter an order:

(a)     Ordering the Secretary to remand Plaintiff's appeal of the three DSH issues in Case No. 13-0041 to the PRRB and order the transfer of such appeals to the applicable CIRP groups;

(b)     Ordering the Secretary to reinstate Case No. 15-3123GC and proceed with determining whether the Board has authority to decide the legal issue presented in the appeal or whether EJR is appropriate to resolve the issue;

(c)     That this Court shall retain jurisdiction over this case for purposes of enforcement of the Secretary's compliance with this Court's order;

(d)     That the Court award Plaintiff legal fees and costs; and

(e)     That the Court award Plaintiff any and all such further relief as the Court may deem just and proper under the circumstances.

**Paukert & Troppmann, PLLC**
522 W. Riverside Avenue
Suite 560
Spokane, WA 99201
(509) 324-3331
Facsimile (509) 232-7762

Dated this 21st day of June, 2022.

PAUKERT & TROPPMANN, PLLC

By:＿＿＿/s/＿＿＿Teresa A. Sherman＿＿＿＿
          TERESA A. SHERMAN
          WSBA No. 14637
          Attorney for Plaintiff
          Paukert & Troppmann, PLLC
          522 W. Riverside Avenue, Suite 560
          Spokane, WA 99201
          Telephone: (509) 324-3331
          Fax: (509) 232-7762
          Email: tsherman@pt-law.com

**Paukert & Troppmann, PLLC**
522 W. Riverside Avenue
Suite 560
Spokane, WA 99201
(509) 324-3331
Facsimile (509) 232-7762